UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON DESHON SPEARS,

                    Petitioner,

vs.                              Case No.  2:07-cv-648-FtM-29SPC
                                 Case No.  2:03-cr-134-FtM-29SPC

UNITED STATES OF AMERICA,

                    Respondent.
_____


## OPINION AND ORDER

_____This matter comes before the Court on petitioner Aaron DeShon Spears' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #86)[1] and Memorandum of Facts and Law (Cv. Doc. #2), both filed on October 3, 2007.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on December 5, 2007 (Cv. Doc. #9).  Petitioner thereafter filed a Reply (Cv. Doc. #37) on April 28, 2008.  Petitioner also filed various other documents. See Cv. Docs. #32, 33, 34, 38, 39, 40, 41, 43, 45, 47.  For the reasons set forth below, the motion is denied.  Also before the Court is petitioner's Writ of Mandamus (Doc. #44).

_____

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case  as "Cr. Doc."

**I.**

On December 3, 2003, a federal grand jury in Fort Myers, Florida filed a one-count Indictment (Cr. Doc. #1) charging petitioner Aaron DeShon Spears (petitioner or Spears) with possessing a firearm and ammunition on or about August 30, 2001, after having been convicted of four felony offenses.  Defendant pled guilty without the benefit of a plea agreement (Cr. Docs. #26-33, 63.)  On June 22, 2004, the district court sentenced petitioner to a 200 month term of imprisonment, to be followed by 60 months supervised release.  (Cr. Doc. #46.)  The district court enhanced petitioner's sentence under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), because petitioner had three prior qualifying prior convictions: two felony convictions for robbery with a deadly weapon, and one felony conviction for sale or delivery of cocaine. Judgment (Cr. Doc. #50) was filed on June 23, 2004.

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #51) on June 25, 2004.  On March 30, 2006, the Eleventh Circuit Court of Appeals affirmed petitioner's sentence, but remanded for attachment of the sentencing hearing transcript to the presentence report.  United States v. Spears, 443 F.3d 1358 (11th Cir. 2006).  Petitioner filed a petition for writ of *certiorari* with the United States Supreme Court, which was denied on October 2, 2006.  Spears v. United States, 127 S. Ct. 264 (2006). Petitioner's conviction became final when the Supreme Court denied

the writ of *certiorari*.   See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002), cert. denied, 537 U.S. 875 (2002).

Petitioner filed this § 2255 motion on October 3, 2007.  Under the mailbox rule, Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008), the § 2255 motion is deemed filed as of October 1, 2007, the date it was signed.  Because the § 2255 motion is deemed filed on October 1, 2007, and this is within one year of the denial of *certiorari* by the United States Supreme Court (October 2, 2006), the § 2255 motion is timely filed.

**II.**

The Indictment (Cr. Doc. #1) alleged that Spears had possessed a firearm and ammunition on or about August 30, 2001 after having been convicted of four felony offenses.  The Indictment alleged that Spears had been convicted of Robbery with a Deadly Weapon on March 3, 1993; Robbery with a Deadly Weapon on March 3, 1993; Sale or Delivery of Cocaine on September 1, 1995; and Possession of Cocaine on May 18, 1998.

Petitioner pled guilty without a plea agreement.  At petitioner's guilty plea hearing, petitioner admitted that he was a convicted felon at the time he possessed the firearm and ammunition on August 30, 2001.  Specifically, petitioner admitted that he had been convicted of the second Robbery with a Deadly Weapon, Case No. 92-312-CFA.  Counsel stated that petitioner was reluctant to admit the exact date, but petitioner did admit that

the conviction was prior to his possession of the firearm and
ammunition charged in the federal Indictment.  (Cr. Doc. #63, pp.
7-8, 18-19, 21-23.)  Issues related to petitioner's actual criminal
history were left for the sentencing proceeding.

Based upon the first three convictions listed in the
Indictment, the Presentence Report found that petitioner qualified
under the ACCA, which enhanced his sentence to a mandatory minimum
of fifteen years imprisonment.[2]  The ACCA requires a defendant to
have three previous convictions for either a "violent felony" or a
"serious drug offense," or both, and that the offenses were
"committed on occasions different from one another."  18 U.S.C.
§924(e)(1).  The two Robbery with a Deadly Weapon convictions
became the focus of a contested sentencing hearing.

The Presentence Report described these two offenses in
paragraphs 27 and 28.  The Presentence Report stated that the date
of both offenses was December 26, 1991; that petitioner was
arrested for both offenses on February 11, 1992; that on September
16, 2002, petitioner was sentenced as an adult, with adjudication
withheld, in both cases; and that on March 3, 1993, petitioner was
adjudicated guilty in both cases based on a violation of probation.

Prior to sentencing, a dispute arose between petitioner and
his counsel as to objections to the Presentence Report.  The Court
entered an Order (Cr. Doc. #44) declining to allow counsel to

---

[2]Without the ACCA enhancement, the statutory maximum is ten
years imprisonment.  18 U.S.C. § 924(a)(2).

withdraw but allowing petitioner to voice whatever objections he thought were appropriate at sentencing.  At the sentencing hearing the Court instructed counsel to make the objections he felt were appropriate and allowed petitioner to make whatever additional objections or additional arguments he felt was appropriate.  (Cr. Doc. #68, pp. 3-5, 7.)  Counsel stated that he was "ready" (id. at p. 3) and that he and petitioner were "prepared" (id. at p. 5). Over the course of the two day sentencing hearing defense counsel articulated numerous objections and petitioner was then allowed to make additional argument or to add objections.  (Cr. Docs. #68, 69.)

Defense counsel stated that there were factual objections relating to petitioner's prior criminal history and objections to the application of the Sentencing Guidelines regarding the prior criminal history, but no factual objections to the facts of the current offense.  (Id. at 6-7.)  Counsel raised the following criminal history objections: (1) The convictions in paragraphs 27 and 28 of the Presentence Report were actually one criminal episode and should be counted as only a single offense under § 924(e) (id. at 10); (2) There was not an adjudication in Case No. 92-310 on March 3, 1993 (id. at 10-12); and (3) Petitioner was 17 at the time of the offenses and as a juvenile the charges of robbery with a deadly weapon did not qualify under § 924(e)(2)(B) (id. at 12-13). Petitioner then raised the following objections: (1) The "big issue" was Case No. 92-310, in which petitioner asserted there was

no plea of guilty and no conviction (id. at 13); (2) Any reference to "armed" robbery or a firearm was incorrect because it was a robbery with a deadly weapon and the state court removed all reference to a firearm in 1991 (id. at 13-14); and (3) Petitioner was not adjudicated on March 3, 1993, because on that date there was only a modification of his probation (id. at 14-15).

Without objection, the government introduced the state court judgments and police reports. (Cr. Doc. #68, pp. 15-16.) The Court heard argument from government counsel. (Cr. Doc. #68, pp. 16-33.) Defense counsel proffered facts and argument to establish that the two offenses were a single event, that there was not an adjudication, and that petitioner was a juvenile at the time. (Id. at 33-39.) Petitioner then added that the documents his family obtained from the state clerk of court's office supported his claim that adjudication was withheld on March 3, 1993. (Id. at 39-40.) Defense counsel asked that petitioner be allowed to testify concerning of whether there was one robbery or two. (Id. at 33.)

The Court rejected petitioner's argument that the convictions did not qualify because he was a juvenile at the time of conviction, and found that the convictions involved robbery with a deadly weapon although not necessarily a firearm. (Cr. Doc. #68, pp. 42-43.) Over the government's objection, the Court allowed petitioner to testify as to whether there was two robberies or only a single incident. (Id. at 44.) Petitioner admitted that on December 26, 1991, he and three others robbed two persons in a

parking lot, then ran towards a nearby car and took money from a third person sitting on a park bench. Petitioner testified that no firearm was involved, and that both robberies were "basically a snatch and grab." (Id. at 46-58.)

The Court continued the sentencing hearing until the next day. The government was allowed to introduce sworn statements from the police reports, over objection of defense counsel that the documents were not certified copies. (Cr. Doc. #69, pp. 62-64.) The government also called the case agent to testify as to the physical surroundings of the location where the robberies occurred. (Id. at 74-88.) Additional certified copies of state court documents relating to the first two convictions were admitted without objection. (Id. at 88.)

Defense counsel and petitioner also objected to the following other components of the criminal history set forth in the Presentence Report: (1) The criminal history points assessed in paragraph 31 because petitioner was not represented by counsel (Cr. Doc. #69, pp. 97-98); (2) the criminal history points for the offense in paragraph 34 because the offense was the basis for the probation revocation for the two prior robberies (id. at 98); (3) the criminal history points assessed in paragraph 35 because petitioner was not represented by legal counsel (id. at 99); (4) the criminal history points assessed in paragraphs 37, 40, 41, 42, and 44 because they were illegal sentences since petitioner's prior robbery convictions were illegally obtained and petitioner would

-7-

not have received the amount of jail time for those consolidated cases but for the improper prior convictions and the improper consideration of the use of a firearm in the robberies (id. at 99-101); (5) the criminal history points assessed in paragraph 43 because petitioner was not represented by legal counsel at he time the case was resolved (id. at 101-02); (6) the criminal history points assessed in paragraph 45 because it was an illegal sentence (id. at 102); (7) the criminal history points assessed in paragraph 48 because petitioner was not represented by legal counsel (id. at 102-103); and (8) the criminal history points assessed in paragraph 49 because petitioner believed the convictions were set aside when he requested to withdraw his guilty plea (id. at 104-05.) Petitioner had no further objections to the criminal history scoring. (Id. at 105-06.) Petitioner also testified again, stating that he was not represented by counsel at certain state court proceedings. (Id. at 115-22.)

The Court made the following findings and conclusions: (1) The Court was bound by the judgment and orders in the two prior cases resulting in convictions for robbery with a dangerous weapon, these documents established that petitioner was adjudicated guilty on March 3, 1993, and that the adjudication had not been changed, petitioner was precluded from collaterally attacking the convictions under Custis v. United States, 511 U.S. 485 (1994), petitioner stood convicted of these offenses within the meaning of § 924(e), and both convictions were for violent felonies (id. at

-8-

128-29); (2) The two robbery offenses constituted two separate and distinct prior convictions under § 924(e) because they were committed successively and not simultaneously (id. at 130-31); (3) Petitioner had been sentenced as an adult for the two robbery offenses (id. at 131); (4) Petitioner's objection to paragraph 31 for lack of counsel was sustained (id. at 131-32); (5) Petitioner's objections to paragraphs 34, 35, and 43 were overruled (id. at 132-33); (6) Custis precluded petitioner's challenge to the convictions in paragraphs 37, 40, 41, 42, 44, 45, and 49 (id. at 133-34); and (7) Petitioner's objection to paragraph 48 was sustained (id. at 134.)

Defense counsel preserved his objections to the sentence, and neither counsel nor petitioner voiced other objections to the Sentencing Guidelines calculation.  (Cr. Doc. #69, p. 171.)

**III.**

Read liberally, petitioner's § 2255 Petition and Reply set forth the following claims: (1) There was a prejudicial variance in the Indictment because the first two prior convictions were listed as having been on March 3, 1993, when in fact petitioner was not adjudicated guilty of these juvenile offenses until months later; (2) both trial counsel and appellate counsel provided ineffective assistance in connection with the variance issue; (3) the sentencing court violated Shepard v. United States, 544 U.S. 13 (2005) by examining improper documents to determine if the first two prior convictions were separate and distinct offenses under the

-9-

ACCA; (4) appellate counsel provided ineffective assistance when he refused to file for a rehearing after the Eleventh Circuit made erroneous factual findings regarding the Shepard issue; (5) the district court utilized two invalid prior convictions for enhancement purposes because (a) petitioner had been denied counsel at a critical stage hearing in the juvenile proceedings, and (b) the state therefore lacked jurisdiction to convict and sentence petitioner; (6) his attorney provided constitutionally ineffective assistance in failing to properly investigate his prior juvenile convictions and failing to raise the deficiencies which petitioner had told him about prior to sentencing; (7) petitioner is actually innocent of the enhanced sentence because he has received a sworn statement of his co-defendant exonerating him from one of the juvenile robbery convictions; and (8) petitioner's attorney provided constitutionally ineffective assistance by assuring petitioner that he would not be enhanced, which caused petitioner to waive his right to a suppression hearing at which he would have had the firearm suppressed.

## A.  Indictment Variance

Petitioner argues that there was a prejudicial variance in the Indictment because the first two prior convictions identified in the Indictment stated the date of conviction for each was March 3, 1993, when in fact petitioner was not adjudicated guilty of these juvenile offenses until months later. Petitioner further argues that trial counsel provided constitutionally ineffective assistance

by failing to call this variance to the attention of the sentencing court and failing to object to the Court's adverse ruling, while appellate counsel provided constitutionally ineffective assistance in failing to appeal the sentencing court's adverse ruling as to the variance issue.  (Cv. Doc. #2, pp. 4-7; #37, pp. 3-5, 7-8.)

**(1) Ineffective Assistance of Counsel Principles:**

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  See also Rompilla v. Beard, 545 U.S. 374, 380 (2005); Wiggins v. Smith, 539 U.S. 510, 521 (2003); Williams v. Taylor, 529 U.S. 362 (2000).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  Id.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.  An attorney is not ineffective for

failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**(2) Indictment Variance Principles:**

A variance occurs when the facts proved are different from the facts contained in the indictment. United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990); United States v. Gold, 743 F.2d 800, 813 (11th Cir. 1984). To establish that a variance is material, and therefore fatal to a conviction, a defendant must show that a variance did occur and that he suffered substantial prejudice as a result. United States v. Roberts, 308 F.3d 1147, 1156 (11th Cir. 2002); United States v. Chastain, 198 F.3d 1338, 1349 (11th Cir. 1999). Even where the date in an indictment is wrong and not reasonably near the date alleged of the offense,

-12-

reversal is not generally required. "Ordinarily, we will not disturb a conviction due to a variance between the date the indictment alleges the offense occurred and the date the proof shows that it occurred if the date shown at trial falls within the statute of limitations and before the return of the indictment." Roberts, 308 F.3d at 1156 (finding no material variance where date of offense cited in indictment was a year after crime was committed).

**(3) Application to this Case:**

There was no variance in this case. The Indictment stated that the convictions occurred on March 3, 1993, and that was the date found by the Court after a lengthy sentencing hearing.

Even if there was a variance, there was no prejudice to petitioner. Petitioner concedes that the government proved he was adjudicated guilty of the offense (Cv. Doc. #1, p.5), and therefore the conviction remains a qualifying conviction under the ACCA. Additionally, petitioner suffered no prejudice because he knew at the time of his guilty plea that there was an issue, at least in his mind, as to the date of the conviction (Cr. Doc. #63, p. 22) but decided to pled guilty and litigate the issue at sentencing despite being told that he was subject to the enhanced penalty. Further, as the government states, under Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), petitioner's prior convictions need not have been set forth in his Indictment at all. See United States v. Ramey, 2008 WL 4381120 (11th Cir. Sept. 29,

2008); <u>United States v. Roundtree</u>, 256 Fed. Appx. 291 (11th Cir. 2007), <u>cert. denied</u>, 128 S. Ct. 2066 (2008).  Even in those situations where an Information setting forth the prior convictions is required by statute, a date of a prior conviction which was off by one year was found not to be fatal to an enhanced sentence. <u>Perez v. United States</u>, 249 F.3d 1261, 1266-67 (11th Cir. 2001)(applying 21 U.S.C. § 851).

Petitioner also fails to establish ineffective assistance of trial counsel.  The issue of the date of adjudication was raised and argued by petitioner at the sentencing hearing (Cr. Doc. #68, pp. 14-15), and defense counsel preserved all objections to the sentencing at the conclusion of the hearing (Cr. Doc. #69, p. 171). There was no ineffective assistance of appellate counsel because there was no reasonable issue as to variance and no reasonable probability of success on appeal as to a variance claim.

## B. **<u>Shepard</u>** Issues

Petitioner argues that the sentencing court violated <u>Shepard v. United States</u>, 544 U.S. 13 (2005), decided after the sentencing in this case, by examining improper documents to determine if petitioner qualified as an armed career criminal, i.e., whether there were two separate robberies or only one continuous event. Petitioner raised this issue on direct appeal, but the Eleventh Circuit stated: "Because Defendant's own testimony [at sentencing] sufficiently supports the district court's conclusion that Defendant committed two different robberies, we do not reach this

-14-

argument." Spears, 443 F.3d at 1360 n.1.  Petitioner argues that the Eleventh Circuit erred in this finding.  Petitioner also asserts that his appellate attorney provided constitutionally ineffective assistance when he refused to file a motion for rehearing with the Eleventh Circuit pointing out that petitioner had never admitted to conduct that constituted two separate robberies.  Additionally, petitioner asserts that the district court's determination of two different robberies violated Booker v. United States, 543 U.S. 220 (2005) because it was a determination of a fact which raised his sentence above the statutory maximum. (Cv. Doc. #2, pp. 7-10; #37, pp. 5-6, 9-10.)

In Shepard, the Supreme Court held that a district court "may only look to 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for plea was confirmed by the defendant, or to some comparable judicial record of this information' to determine if the crime to which a defendant has pleaded guilty fits within the common law definitions of the crimes enumerated in § 924(e)(2)(B)(ii)." United States v. Porter, 2008 WL 4140283 (11th Cir. Sept. 9, 2008)(quoting Shepard, 544 U.S. at 26). Shepard restricts "only the sources a sentencing court may consider to determine the character of a prior conviction." United States v. Cantellano, 430 F.3d 1142, 1147 (11th Cir. 2005), cert. denied, 547 U.S. 1034 (2006).

While petitioner asserts that the Eleventh Circuit erred when it found his sentencing testimony was sufficient to establish two separate robberies, this issue has already been resolved against petitioner by the Eleventh Circuit and cannot be re-litigated in a § 2255 motion.  A § 2255 proceeding cannot be used to relitigate questions which were raised and disposed of on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995).

If the Court reaches the Shepard claims, no error has been established.  At the sentencing hearing, the Court was careful to point out that its determination that the two robbery convictions were qualifying predicate offenses was based only on the judgments and orders of the state court.  (Cr. Doc. #69, pp. 128-29.)  This was fully consistent with Shepard.  Police reports were utilized, however, to determine whether the convictions could be counted as two separate convictions.  Under this circumstance, Shepard "does not apply."  United States v. Ubele, 215 Fed. Appx. 971, 973 (11th Cir. 2007)(citing Cantellano, 430 F.3d at 1147).  Additionally, there was no objection to the admission of the police reports, and indeed petitioner implicitly concedes that other evidence was properly considered since he testified to the issue at the sentencing hearing.

Since there was no merit to petitioner's Shepard argument, his appellate attorney did not provide ineffective assistance by

refusing to file a motion for rehearing on this point. Additionally, there was no prejudice since the issue was raised before the Eleventh Circuit by petitioner's *pro se* Motion to Reconsider. Petitioner has established neither deficient performance by counsel or prejudice.

Finally, petitioner's <u>Booker</u> argument was rejected by the Eleventh Circuit under plain error review, <u>Spears</u>, 443 F.3d at 1361, and there is no <u>Booker</u> error when the court determines that a prior conviction is a qualifying predicate conviction, <u>United States v. Greer</u>, 440 F.3d 1267, 1274-76 (11th Cir. 2006).

### C.   ACCA

Petitioner argues that the district court utilized two invalid prior conviction for enhancement purposes under the Armed Career Criminal Act.  First, petitioner asserts that he had been denied counsel at the Juvenile Jurisdiction Waiver Hearing at which it was determined he should be tried as an adult in the proceedings that culminated in his guilty pleas to Robbery with a Deadly Weapon. Because the issue relates to petitioner's Sixth Amendment right to counsel, petitioner asserts that the sentencing court was authorized under <u>Daniels v. United States</u>, 532 U.S. 374 (2001) to entertain his collateral attack on those two convictions.  Second, petitioner asserts that the State lacked jurisdiction to convict and sentence him as an adult because petitioner did not have a valid juvenile jurisdiction waiver hearing (because of lack of

counsel).  Additionally, petitioner asserts that his attorney in the federal case provided constitutionally ineffective assistance by not properly investigating the matter and not adhering to petitioner's letters identifying the infirmities in the prior convictions prior to sentencing.  (Cv. Doc. #2, pp. 10-13, 14-16.)

In it clear that "<u>Custis</u> precludes a collateral attack on prior convictions that are counted for sentencing purposes under s 924(e)(1), with the sole exception of convictions obtained in violation of the right to counsel." <u>United States v. Gilley</u>, 43 F.3d 1440, 1441 (11th Cir. 1995).  Thus, petitioner did have the right to challenge to prior convictions on the ground they were obtained in violation of his Sixth Amendment right to counsel as announced in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963).  <u>Custis</u>, 511 U.S. at 495-96.  <u>Gideon</u> held that a state court's refusal to appoint trial counsel, upon request, for an indigent defendant accused of a non-capital felony violated due process.  <u>Gideon</u>, 372 U.S. at 343-45.  The record is clear, however, that petitioner never asserted at the federal sentencing that the two convictions were obtained in violation of his right to counsel.  Petitioner attacked these prior convictions on several other grounds, and testified as to various cases in which he was denied counsel.  But petitioner never identified these two proceedings as cases in which he was denied counsel.  Since there was and is no record evidence to support petitioner's position that he was denied counsel at the juvenile waiver hearing or that he informed anyone of this fact,

there was no basis for counsel to challenge the two convictions on the ground of denial of counsel. Therefore, petitioner's sentencing counsel did not provide ineffective assistance.

Daniels allows a defendant to collaterally attack a prior conviction in a § 2255 proceeding on the ground that he was denied his Sixth Amendment right to counsel as announced in Gideon. Daniels, 532 U.S. at 382; McCarthy v. United States, 320 F.3d 1230, 1232-33 (11th Cir. 2003). To raise the issue in a § 2255 proceeding, however, it generally must have been raised at the federal sentencing proceeding. Daniels, 532 U.S. at 382-83; Howard v. United States, 374 F.3d 1068, 1071 (11th Cir. 2004). Petitioner did not raise this challenge at the federal sentencing proceeding, and therefore cannot raise the issue in this § 2255 proceeding. Petitioner asserts that he has attempted and continues to attempt to obtain relief in state court based upon his claims of lack of counsel and lack of jurisdiction. To date, petitioner has filed nothing indicating that state court relief has been obtained. "If a prior conviction used to enhance a federal sentence is no longer itself open to direct or collateral attack, the defendant is generally without recourse." Johnson v. United States, 340 F.3d 1219, 1222 (11th Cir. 2003)(citation omitted), aff'd, 544 U.S. 295 (2005). If the state court vacates the convictions, petitioner can seek to file a (successive) § 2255 petition. United States v. Walker, 198 F.3d 811 (11th Cir. 1999).

-19-

**V.**

Petitioner argues that he is actually innocent of the enhanced sentence because he has received a sworn statement of his co-defendant exonerating him from one of the juvenile robbery convictions. This, petitioner argues, is newly discovered evidence which entitles him to an evidentiary hearing. (Cv. Doc. #2, p. 14.)

Under <u>Custis</u> and its progeny, this Court is without jurisdiction to allow a collateral attack on an underlying prior conviction on any ground other than a violation of the Sixth Amendment right to counsel. The courts have not recognized an actual innocence exception to the general rule barring collateral attack upon prior convictions. In any event, the belated affidavit of a co-defendant which contradicts even petitioner's testimony at the federal sentencing hearing is far from the "compelling evidence" suggested by the plurality in <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 405 (2001). Unless and until the state court sets it aside, the conviction cannot be ignored by this court.

**VI.**

Petitioner argues that his attorney provided constitutionally ineffective assistance by conducting no investigation of his prior convictions despite petitioner's repeated claim that they were infirm, assuring petitioner that he would not be enhanced, which caused petitioner to waive his right to a suppression hearing at which he would have had the firearm suppressed as illegally seized,

-20-

and not being prepared for the sentencing hearing.  Petitioner argues that if his attorney had investigated and been prepared, his sentence would not have been enhanced pursuant to the ACCA.  (Cv. Doc. #2, pp. 17-18.)

It makes no real sense of course that petitioner would waive a suppression hearing which he believed would have resulted in the suppression of the firearm and hence the dismissal of the entire federal case simply because his attorney told him he would not be subject to a sentence enhancement.  Even without a sentencing enhancement, the statutory maximum was 120 months imprisonment. Petitioner was told about the enhancement penalty of fifteen years to life imprisonment during his guilty plea, which he said he understood.  (Cr. Doc. #63, pp. 8, 10, 14.)  Petitioner was also told during the guilty plea that he would be giving up his right to challenge the legality of the evidence seized from him.  (Cr. Doc. #63, p. 17.)

Additionally, petitioner's own version of the facts establish that the firearm was lawfully seized: 911 was called about a fight between petitioner's niece and her boyfriend; petitioner arrived with a firearm; police stopped petitioner coming down the stairs of the apartment; after answering several questions from the officer, petitioner turned away and walked a bit faster than previously but not running; a police officer ordered him to stop, but petitioner then started running; when petitioner determined he could not get away from the officer, petitioner dropped the firearm so the officer

could see he was disarming himself; petitioner was then arrested; petitioner's niece told the officers petitioner was not the suspect prior to the time the officers found the firearm.  While petitioner claims he should have been released prior to the time the officers found the firearm, this is clearly not the case.

Finally, the transcripts of the sentencing hearings establish that defense counsel provided effective assistance.  Counsel raised all the issues he could, and argued them fully.  Petitioner was then allowed to raise other objections and to argue both these objections and the ones raised by counsel.  The Court finds neither deficient performance by counsel nor prejudice to petitioner.

**VII.**

Petitioner seeks a writ directing counsel associated with the case "to just do their job, according to the United States Constitution." (Doc. #44, p. 1.)  The Writ essentially reiterates the arguments previously raised and now addressed above in this Opinion and Order.  Based on the findings and conclusions herein, the Court finds that the request for a writ of mandamus is without merit and due to be denied.

Accordingly, it is now

**ORDERED:**

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv.

Doc. #1; Cr. Doc. #86) is **DENIED** as to all claims for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place of copy of the civil Judgment in the criminal file.

3.  Petitioner's Writ of Mandamus (Doc. #44), construed as a motion, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of December, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Aaron DeShon Spears

-23-